

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| GERALD LESSER, | * | CIV 04-4168 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER RE: MOTION FOR SUBSTITUTION OF THE UNITED STATES AS THE PROPER DEFENDANT |
| vs. | * | |
| CRAIG HANSEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Gerald Lesser, filed a pro se small claims action in the First Judicial Circuit, Davison County, South Dakota. The Defendant filed a Notice of Removal of Action to Federal Court. Doc. 1. The Notice of Removal was based on 28 U.S.C. §§ 1346(b) and 2679(b)(1). The federal district court have exclusive jurisdiction of civil actions on claims against the United States. 28 U.S.C. § 1346(b)(1).

The Defendant then moved this Court for an Order substituting the United States as the sole party defendant to this Complaint and dismissing the Complaint against Craig Hansen with prejudice. Doc. 3. Plaintiff has not responded to this motion.

In Plaintiff's notice of small claims action, Plaintiff states that he is seeking "payment for unpaid bill for coins lost by post office." Exhibit B to the Notice of Removal is the certification of the former United States Attorney for the District of South Dakota, provided pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.3, stating that Craig Hansen was acting within the scope of his employment with the United States Postal Service with regard to the claim set forth by Plaintiff.

The remedy against the United States under the Federal Torts Claim procedure "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the

same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." 28 U.S.C. § 2679(b)(1). The Government has followed the correct procedure and there is no basis to question the conclusion of the former United States Attorney regarding whether Mr. Hansen was acting within the scope of his employment at all relevant times. Accordingly, the action will be deemed to be one against the United States and the United States will be substituted as the sole defendant. Mr. Hansen will be dismissed from the action.

In the Memorandum of Law in Support of Motion for Substitution the Government contends "it may be appropriate to dismiss this action in its entirety for failing to exhaust FTCA administrative remedies required, pursuant to 28 U.S.C. § 2672." The Court will consider this matter if and when it is raised by the appropriate motion and after the Plaintiff has had an opportunity to respond. Accordingly,

IT IS ORDERED:

(1) That the above-entitled action is dismissed with prejudice as to the individual defendant, Craig Hansen; and

(2) That the United States will be substituted as the sole defendant in the above-entitled action

Dated this 20th day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
DEPUTY

2